Sheila R. Schwager, ISB No. 5059
John F. Kurtz, Jr., ISB No. 2396
Timothy R. Kurtz, ISB No.8774
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5232
Email: sschwager@hawleytroxell.com
       jkurtz@hawleytroxell.com
       tkurtz@hawleytroxell.com

Attorneys for Plaintiff Idaho Independent Bank

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

(COEUR D'ALENE)

| | |
|---|---|
| In Re:<br><br>MARTIN D. FRANTZ AND CYNTHIA M. FRANTZ,<br><br>　　　　Debtors, | Case No. 11-21337-TLM<br><br>Chapter 7 |
| IDAHO INDEPENDENT BANK, an Idaho corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARTIN D. FRANTZ, an individual, and CYNTHIA M. FRANTZ, an individual,<br><br>　　　　Defendants. | Adversary Proc. No. 13-07024-TLM<br><br>PLAINTIFF'S LIMITED OBJECTION TO MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY FOR DEFENDANTS |

## INTRODUCTION

On September 24, 2014, Defendants' attorney of record, Stephen B. McCrea filed the Motion for Leave to Withdraw as Attorney for Defendants ("**Motion to Withdraw**"). Docket No. 32. Plaintiff Idaho Independent Bank ("**IIB**") submits this limited objection to the Motion to Withdraw because of its concern that Defendants will attempt to use Mr. McCrea's withdrawal as a basis for continuing the trial of this adversary proceeding, which is currently set to commence on December 1, 2014.

The stated basis for the Motion to Withdraw is that "Martin D. Frantz has expressed a desire to hire only one attorney in this matter and has determined that that should be Jonathon Frantz and that Martin D. Frantz no longer desires to have the undersigned as counsel in the above entitled matter." Thus, according to the Motion to Withdraw, Defendants' trial attorney will be their son, Jonathon Frantz.

On October 3, 2014, Defendants filed a Motion to Continue Trial and Pretrial Order, asking the Court for a continuance of the trial and all discovery deadlines. See Docket No. 38. IIB has filed a separate objection to that motion.

An issue not addressed in the Motion to Continue the Trial is that Jonathon Frantz may be a witness at the trial of this case. As a result, Jonathon Frantz may be precluded from acting as an advocate at the trial and testifying as a witness pursuant to Idaho Rule of Professional Conduct ("**IRPC**") 3.7.

Jonathon Frantz's deposition in this case is set for October 28, 2014. Presumably, if Defendants and Jonathon Frantz have determined that Jonathon Frantz will act as the trial attorney in this case, they have already made the determination that they have no intention to call

him as a witness in this case. However, until IIB has taken Jonathon Frantz's deposition, IIB will not know whether it intends to call Jonathon Frantz as a witness.

As a result, IIB respectfully requests that this Court condition the granting of the Motion to Withdraw on the requirement that Defendants will not seek a continuation of the trial in this case, on the basis that they have requested that Mr. McCrea withdraw as counsel and the basis if Jonathon Frantz is precluded from acting as trial counsel in this case under IRPC 3.7.

### THE DEFENDANTS SHOULD BE PRECLUDED FROM TERMINATING MR. MCCREA AS COUNSEL ON THE EVE OF TRIAL, IF THEY ARE USING THAT BASIS TO ATTEMPT TO DELAY THE TRIAL DATE

The trial date in this case was set at the Pre-trial Conference on December 18, 2013. *See* Docket No. 21. Both of the Defendants' counsel have been actively engaged in this Adversary Proceeding. On September 14, 2014, Mr. McCrea asked Plaintiff's counsel to ask Idaho Independent Bank ("**IIB**") whether it would extend the trial date and whether the rebuttal expert witness disclosure deadline could be extended. Affidavit of Sheila R. Schwager filed in Support of Motion to Compel ("**Schwager Aff.**") ¶ 6, Docket No 43-3. On September 16, 2014, Plaintiff's counsel informed both of the Defendants' counsel that IIB intended to proceed under the Pre-Trial Orders, but IIB was willing to grant an extension for the disclosure of rebuttal expert witnesses, provided that the remaining documents were produced, as represented. *Id.* On September 23, 2014, Plaintiff's counsel and Mr. McCrea had a telephone conversation in which Plaintiff's counsel was informed that the Defendants were refusing to produce the remaining documents and that there was no need to extend the rebuttal expert deadlines. *Id.* at ¶ 7. Plaintiff's counsel and Mr. McCrea further discussed that IIB intended to proceed with trial as scheduled and deposition scheduling in October was discussed. *Id.*

The day after the Defendants' counsel, Mr. McCrea, was informed that IIB would not stipulate to continue the hearing date, the Defendants caused Mr. McCrea to file a Motion to Withdraw as co-counsel. Shortly thereafter, the Defendants filed a Motion to Continue the Trial date. To the extent that the Defendants argue they should be able to extend the trial date because Mr. McCrea is no longer co-counsel, such efforts should be denied. The Defendants chose to cause Mr. McCrea to withdraw, despite knowing that IIB was not agreeable to continuing the trial date.

### IRPC 3.7 MAY PRECLUDE JONATHON FRANTZ FROM ACTING AS TRIAL COUNSEL IN THIS ADVERSARY PROCEEDING, IF HE TESTIFIES AS A WITNESS AT THE TRIAL.

IRPC 3.7, which is identical to the American Bar Association's Model Rule of Professional Conduct ("**Model Rule**") 3.7, provides as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Since the initial filing of this adversary proceeding, Defendants and Jonathon Frantz should have anticipated that Jonathon Frantz would be a witness at the trial regarding his involvement with the Eagle Ridge Subdivision and other aspects of Defendants' business interests prior to becoming admitted to practice law in the state of Idaho.

Jonathon Frantz was identified by the Defendants as a person with knowledge of factual matters alleged by IIB in its Complaint on February 24, 2014 in response to Interrogatory No. 1. In particular, Defendants stated:

> Jonathon Frantz was the project manager for Eagle Ridge from late 2007 until early 2010. Jonathon Frantz paid most bills during that time, worked and corresponded with IIB agents and prepared draw requests and other documents for the loans at issue and was present at the mediation meetings.

In addition to Defendants' discovery responses, IIB's Complaint in this case, contains several allegations related to Jonathon Frantz, indicating that he may be a witness in this case.

Paragraph 44 of the Complaint alleges as follows:

> On November 9, 2009, "Martin Frantz & Sons" submitted a letter to IIB to provide an update and information to request a meeting with IIB in early December 2009 ("**November 2009 Letter**"). In the November 2009 Letter, Martin Frantz represented that he, his four sons, and his secretary worked at the office located at the gated entrance to the development ("**Sales Office**"). *He explained that Jonathon Frantz worked solely on Eagle Ridge and his other sons worked on GAH projects.* . . .(emphasis supplied).

Paragraph 67 alleges in relevant part:

> Martin Frantz and/or Jonathon Frantz sent IIB construction draw requests regarding the Twin Lakes Construction Loan and then the Eagle Ridge Loan.

Paragraph 73 alleges:

> Apparently, Betty Osterdock, the mother of the Debtor, Cynthia Frantz, executed a Deed of Trust upon the Sales Office real property (signed by Cynthia Frantz under Power of Attorney) on or about March 24, 2006, in which she purportedly obtained a Fannie Mae loan for $301,500.00. In the Deed of Trust, Ms. Osterdock represented that she would establish the property as her principal residence. Then on May 22, 2006, Jonathon Frantz issued a Deed of Trust on the same property, for the same note amount, and similarly represented that he would establish the property as his principal residence. On May 14, 2007, Jonathon Frantz recorded a warranty deed transferring the Sales Office property to Betty Osterdock and on May 14, 2007, Ms. Osterdock executed another Fannie Mae Deed of Trust for a note in the sum of $300,000.00, in which she again represented that she would establish the property as her principal residence.

> Indeed, a homeowners exemption was recorded against the Sales Office, reducing the taxes that accrued on that real property. Subsequently thereafter, the note fell in default and in April 2011 Fannie Mae foreclosed upon the Sales Office, whom now holds title. . .

Paragraph 77 alleges:

> Upon information and belief Jonathon Frantz did not establish his primary residence in the Sales Office as represented in the Kootenai County Assessor's records.

See IIB's Complaint, ¶¶ 43, 66, 73, 77, Docket No. 1.

Although, IIB does not anticipate filing a motion to disqualify Jonathon Frantz as trial counsel in this adversary proceeding, even if IIB calls him as a witness in this case, the Comments to Rule 3.7 indicate that the rule is designed to "protect the tribunal." Thus, the determination of whether Jonathon Frantz may be both the trial counsel and a witness may not be based solely on whether IIB objects.

As a result, IIB requests that this Court condition the Motion to Withdraw on a requirement that if Jonathon Frantz is called by IIB as a witness at the trial of this case, then Mr. Stephen McCrea or another attorney selected by Defendants, other than Jonathon Frantz, will represent them to the extent necessary to comply with the requirements of Rule 3.7, and that Defendants will not seek to continue the trial in this case based on Jonathon Frantz being a witness in this adversary proceeding.

## CONCLUSION

For the reasons set forth above and the record in this case, IIB respectfully requests that any order granting Mr. McCrea's withdrawal as counsel be conditioned upon such withdrawal not delaying the trial date .

RESPECTFULLY SUBMITTED THIS 10th day of October, 2014.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Timothy R. Kurtz, ISB No. 8774
Attorney for Idaho Independent Bank

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 10th day of October, 2014, I caused to be served a true copy of the foregoing LIMITED OBJECTION TO MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY FOR DEFENDANTS by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Jonathon Frantz<br>Frantz Law, PLLC<br>307 N. Lincoln St., Ste. A<br>Post Falls, Idaho, ID. 83854<br>Jonathon @cdalegal.com | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☒ E-mail<br>☐ Telecopy |
| Stephen B. McCrea<br>608 Northwest Blvd., Suite 101<br>P.O. Box 1501<br>Coeur d'Alene, Idaho 83816-1501 | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☒ E-mail<br>☐ Telecopy |

_____
Timothy R. Kurtz

PLAINTIFF'S LIMITED OBJECTION TO MOTION TO WITHDRAW AS ATTORNEY FOR DEFENDANTS
40986.0211.6981748.2